## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

RODREGUS RAMSEY     )
            )
  Petitioner     )
            )
v.           )  No. 3:16-cv-01533
            )  Judge Trauger
UNITED STATES OF AMERICA, )
            )
  Respondent.    )

## MEMORANDUM

### I. Introduction

Pending before the court are the Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Docket No. 1); the Government's Response (Docket No. 8); and the Petitioner's Reply (Docket No. 9). For the reasons set forth herein, the Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Docket No. 1) is DENIED, and this action is DISMISSED.

### II. Procedural Background

The Petitioner pled guilty, before now-retired Judge William J. Haynes, Jr., to participating in a drug trafficking conspiracy, in violation of 21 U.S.C. § 846. (Docket Nos. 397, 413 in Case No. 3:09cr00049). The Petitioner's guilty plea was not based on a plea agreement between the parties. At the subsequent sentencing hearing, on May 4, 2012, Judge Haynes sentenced the Petitioner to 110 months of imprisonment. (Docket Nos. 411, 414, 415, 450 in Case No. 3:09cr00049). The Petitioner appealed his sentence, but the Sixth Circuit affirmed. (Docket No. 561 in Case No. 3:09cr00049).

III.  <u>Analysis</u>

A.  <u>28 U.S.C. § 2255</u>

The Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255

provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "'must demonstrate

the existence of an error of constitutional magnitude which had a substantial and injurious effect

or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855,

858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If  a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary

hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An

evidentiary hearing is not required, however, if the record conclusively shows that the petitioner

is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,*

178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations

'cannot be accepted as true because they are contradicted by the record, inherently incredible, or

conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the Petitioner's underlying

criminal case, as well as the filings in this case, the court finds it unnecessary to hold an

evidentiary hearing because the records conclusively establish that the Petitioner is not entitled to

relief on the issues raised.

B.  <u>Johnson v. United States</u>

The Petitioner claims that his sentence should be vacated because the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) undermines the validity of Section 4B1.1 of the Sentencing Guidelines, the career offender guideline, which was applied to him at sentencing. In *Johnson,* the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.  The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the definition of "violent felony," as set forth below in italics:

> (2) As used in this subsection–
>
> * * *
>
>> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>>
>>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>>
>>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(Emphasis added). After the *Johnson* decision was issued, several courts applied its reasoning to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the

career offender guideline.[1] *See, e.g., United States v. Pawlek,* 822 F.3d 902 (6th Cir. 2016). The

Petitioner relies on the reasoning of these decisions in arguing that the career offender guideline

is unconstitutionally void for vagueness. More specifically, the Petitioner argues that his sentence

was enhanced under the career offender guideline because his prior convictions for aggravated

assault were improperly considered to be "crimes of violence" under the residual clause of the

definition.

In its Response, the Government argues that the Petitioner's prior convictions for

aggravated assault qualify as "crimes of violence" without regard to the residual clause.

The court need not address this issue, however, because, on March 6, 2017, while the

Petitioner's Motion was pending, the Supreme Court issued a decision that precludes his claim.

In *Beckles v. United States,* __ U.S. ___, 137 S. Ct. 886, 891, 197 L. Ed. 2d 145 (2017), the

---

[1]     "Crime of violence" was defined in the career offender guideline as follows, with
the "residual clause" set forth in italics:

> (a) The term 'crime of violence' means any offense under federal
> or state law, punishable by imprisonment for a term exceeding one
> year, that--
>
>> (1) has as an element the use, attempted use, or
>> threatened use of physical force against the person
>> of another, or
>>
>> (2) is burglary of a dwelling, arson, or extortion,
>> involves use of explosives, *or otherwise involves
>> conduct that presents a serious potential risk of
>> physical injury to another.*

U.S.S.G. § 4B1.2(a)(2) (Emphasis added).

Through Amendment 798 to the Sentencing Guidelines, which became effective on
August 1, 2016, the Sentencing Commission deleted the residual clause portion of the definition
and replaced it with language that enumerates specific offenses.

Court held that, unlike the statute at issue in *Johnson,* the Sentencing Guidelines are advisory, and therefore, the definitions in the Guidelines, including the residual clause, are not subject to a vagueness challenge under the Due Process Clause. Thus, even if the Petitioner's prior convictions for aggravated assault qualified as "crimes of violence" under the career offender guideline's residual clause, application of that provision was not unconstitutional. The Petitioner has not suggested that the *Beckles* decision is inapplicable to his claim, nor has he raised an alternative challenge to his conviction or sentence. Accordingly, the Petitioner's Motion To Vacate is without merit.

IV.  Conclusion

For the reasons set forth herein, the court concludes that the Petitioner's request for Section 2255 relief is without merit. Accordingly, the Petitioner's Motion To Vacate is denied and this action is dismissed.

If the Petitioner gives timely notice of an appeal from the court's Memorandum and Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

It is so **ORDERED.**

ENTER this 23rd day of August 2017.

_____

ALETA A. TRAUGER
U.S. District Judge